UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Ivan Magdaleno, | ) | CR No.: 7:06-cr-00703-GRA |
| | ) | C/A No.: 7:09-cv-70109-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255 Petition").[1] Petitioner appears to challenge his conviction and sentence on the ground that his attorney provided ineffective assistance of counsel in failing to consider various legal authorities that Petitioner references in letters attached to his Motion. Because it is clear from the record that Petitioner is not entitled to relief, the Court finds that summary dismissal is appropriate.

---

[1] As is discussed in this Order, the Court is now construing the Petitioner's original pleading filed September 9, 2009, as a petition under § 2255. However, the Petitioner's original filing was titled "Request for Permission to Amend Petitioner's Pro-se Pleadings Submitted to the Court and Attorneys of Record on 1/02/08 and 4/17/08 Seeking to Challenge the Conviction Obtained in the Above Styled Cause Pursuant to Direct Review or 28 U.S.C. § 2255."

## Background

On February 28, 2007, Petitioner Ivan Magdaleno pled guilty to conspiracy to possess with the intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846, and to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On May 23, 2007, Petitioner was sentenced by the undersigned to 180 months imprisonment followed by five years of supervised release. This sentence was within the range recommended in Petitioner's Presentence Investigation Report ("PSR"), and Petitioner did not object to either the PSR or the imposed sentence. Judgement was docketed as to the Petitioner on May 30, 2007. Petitioner did not file an appeal.

Nearly seven months later, Petitioner wrote his attorney, George Trejo, Jr., a letter dated January 2, 2008, requesting a copy of his notice of appeal and claiming he qualified for a reduction in his Offense Level under the U.S. Sentencing Guidelines. Letter from Pet'r to George Trejo, DE # 127 (Jan. 2, 2008) ("First Letter"). Mister Trejo promptly replied to Petitioner in a letter dated January 11, 2008, and explained that given the nature of Petitioner's case, he did not file an appeal. Letter from George Trejo to Pet'r, DE # 133 (Jan. 11, 2008) ("Response Letter"). Mister Trejo also claimed in this letter that Petitioner never requested an appeal, and that Mr. Trejo had written the Government to see if a further reduction in his sentence would be forthcoming. *Id*. A courtesy copy of both of these letters

were sent to the Court and to Julia Anderson, another attorney who worked on his case.

Petitioner wrote and filed two subsequent letters to his attorneys, on which he courtesy copied the Court. In a letter dated January 30, 2008, Petitioner acknowledged that he received Mr. Trejo's letter. Letter from Pet'r to George Trejo, DE # 136 (Jan. 30, 2008) ("Second Letter"). Petitioner further took issue with his attorneys' handling of the case, and claimed he had uncovered various legal sources that undermined his conviction. *Id*. He then spent ten pages listing numerous legal authorities and brief explanations of their contents. *Id*. at 2-11. He concluded by asking Mr. Trejo to continue helping with his appeal based on this "new evidence", and asked him to look into the transcripts and grand jury minutes to be sure that the "special Grand Jury did not exceed the time under Title §3333 . . . ." *Id*. at 11.

In his last letter, dated April 17, 2008, Petitioner again attacked his attorneys' efforts, and again merely listed several legal authorities, many consisting of nothing more than a bare citation. Letter from Pet'r to George Trejo, DE # 139 (April 17, 2008) ("Third Letter"). Petitioner concluded this letter with a request that Mr. Trejo and Ms. Anderson "answer" the letter, and he also appeared to make a blanket and unsupported accusation that Ms. Anderson and Mr. Trejo engaged in some type of conflict of interest. *Id*. at 2.

On September 21, 2009, almost a year and a half after Petitioner's last correspondence regarding this action, Petitioner requested that this Court construe

these letters as a notice of appeal and allow him to obtain direct review by way of appeal to the United States Court of Appeals for the Fourth Circuit. In the alternative, Petitioner requested that this court construe his letters and request as a habeas petition under § 2255. In accordance with *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), this Court issued an order on October 5, 2009, that explained Petitioner's rights and informed Petitioner that if he did not object within twenty days, the Court would consider his request as a petition under § 2255. Petitioner did not file any objections to the *Emmanual* Order, but he did file a second § 2255 petition using a § 2255 form from the clerk of court that flushed out many of his arguments. This Court will look to Federal Rule of Civil Procedure 15(a)(1) and construe that second filing as an amendment as a matter of right. Any further amendments will only be allowed upon written consent of the Court.

In his § 2255 Petition, as it is now construed, Petitioner outlines his correspondence regarding this case. He asks this Court to treat the First Letter and Third Letter as request for relief under § 2255. He also asserts two grounds for relief:

> (1) Petitioner's counsel was ineffective for failing to file a notice of appeal; and
> (2) Petitioner's counsel was ineffective for failing to object to two breaches of the plea agreement by the government.

Because Petitioner's § 2255 Petition appeared to be untimely filed, on November 9, 2009, this Court issued an order giving Petitioner fifteen days to demonstrate that his Petition was timely filed. Petitioner responded on November

16, 2009. In his response, Petitioner merely reiterates his request that this Court construe his First Letter and Third Letter as § 2255 petitions. He argues that these letters conformed with Rule 2 of the Rules Governing § 2255 Proceedings, which govern the form of § 2255 petitions. In the alternative, Petitioner argues that equitable tolling is appropriate in this case.

## Standard of Review

Movant brings this Petition *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993).

A § 2255 action is the appropriate mechanism for "a prisoner in custody[,] under sentence of a court established by [an] Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution[,] . . . to vacate, set aside[,] or correct the sentence." 28 U.S.C. § 2255. In deciding a § 2255 motion, the court may summarily dismiss the motion

"if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4. *See also* 28 U.S.C.A. § 2255(b).

## Discussion

The Court need not address the merits of petitioner's § 2255 claim because it was untimely filed.

A.  § 2255 Petition is Untimely on It's Face

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner seeking federal habeas relief essentially operated under no statutory time limitation. On April 24, 1996, the President of the United States signed the AEDPA into law. *See* Pub. L. No. 104-132 (1996). The AEDPA instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. This limitations period may be raised *sua sponte* by the Court. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The period of limitations began to run on petitioner's § 2255 motion after his judgment of conviction became final. According to *Clay v. United States*, 537 U.S. 522, 532 (2003), "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Since Petitioner never appealed his conviction, the one-year limitation period began when the time for filing his notice of appeal expired. Federal Rule of Appellate Procedure 4 provides a defendant ten days in which to file a notice of appeal following sentencing. Because this Court entered judgment on May 30, 2007, the ten-day period expired June 13, 2007. At that point, for purposes of § 2255 the conviction became final. Thus, the one-year period of limitations to file a motion pursuant to § 2255 expired on June 13, 2008. The current motion was signed by the petitioner on September 14, 2009, and was filed on September 21, 2009. This is more than two years after this Court entered judgment, and more than a year and a half after Petitioner wrote to his attorney. Clearly, the issues Petitioner attempts to raise were known to him before June 13, 2008. Therefore, Petitioner's § 2255's Petition is untimely.

B.  Petitioner's Letters are not § 2255 Petitions

Petitioner asks this Court to construe his First Letter and Third Letter as his initial pleadings, such that his actual §2255 Petition constitutes merely an amendment to his letters. However, there is nothing in the body of these letters to indicate a request *to the Court* to vacate, set aside, or correct Petitioner's sentence. These were letters to an attorney from a client. As a Florida district court that recently ruled on a similar issue explained, "[t]hough the Court does grant *pro se* litigants considerable leeway in the form of their pleadings, it would be overstretching even the most flexible of pleading perimeters to have construed this letter as a motion to vacate when it was mailed to the Court." *U.S. v. Raines*, No. 1:04CR28-SPM/AK, 2008 WL 4163255, at *2 (N.D. Fla. Aug. 13, 2008) (holding that such letters did not constitute a §2255 petition).

The U.S. Court of Appeals for the Tenth Circuit addressed a similar issue when a party attempted to allege that letters written to a judge should be read in hindsight to constitute a motion to amend. The court held

> Mr. Escamillo was aware that his lawyer was not following his instructions with respect to that claim. Mr. Escamillo was therefore confronted with several options: he could ask his lawyer for instructions on how to file a *pro se* supplemental brief, he could find a new lawyer who would follow his requests, or he could fire his lawyer and proceed *pro se*. . . . Mr. Escamillo was not entitled to have the district court liberally construe his letter as a motion to amend. Accordingly, there was no motion to amend before the district court . . . .

*United States v. Escamillo*, 178 Fed. App'x 849, 852 (10th Cir. 2006). It is worth noting that both the Tenth Circuit and Florida decisions analyzed letters addressed to the court. Here, the Court was a courtesy copy recipient of the letters, making any argument that the letters should be construed as §2255 petitions more tenuous.

Contrary to Petitioner's assertions, his letters also utterly fail to comply with the Rules Governing § 2255 Proceedings. The letters fail to clearly specify the grounds available for relief or to adequately state the facts supporting each ground. Rule 2(b). The letters are, at best, barely coherent meanderings that list numerous legal citations. Even if this Court were to view the letters as a §2255 petition, which it does not, Petitioner would still not be entitled to relief. A district court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

C.      Equitable Tolling is Inappropriate in this Case

In the event Petitioner's §2255 Petition is untimely, he also asks this Court to apply the principles of equitable tolling.

In *Rouse v. Lee*, the U.S. Court of Appeals for the Fourth Circuit discussed equitable tolling as it applies to § 2255 petitions. Equitable tolling is appropriate only when, "extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). "[R]arely will circumstances warrant equitable tolling . . . ." *Id.*

Accordingly, under the existing "extraordinary circumstances" test, Petitioner is only entitled to equitable tolling if he presents: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. *Id.*

Petitioner has not shown any of these elements. Instead, he claims that equitable tolling should apply because he acted with reasonable diligence by talking to his attorneys and patiently awaiting their response. This is not the type of "extraordinary circumstance" envisioned by the Fourth Circuit. Additionally, as this Court discussed earlier, Petitioner's one-year period of limitations to file a motion pursuant to § 2255 expired on June 13, 2008. By this point, Petitioner had written to his attorneys, received a response, and written two additional letters to his attorneys. Any delay in choosing to file a § 2255 Petition was the result of Petitioner's failures and no one else. Equitable tolling is not appropriate in this action.

IT IS THEREFORE ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 is DISMISSED.

**IT IS SO ORDERED.**

**[Signature block on next page.]**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 25 , 2009
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**